(1 App. Div. 272.)

## RANKEN v. JANES.

(Supreme Court, Appellate Division, Second Department.   February 4, 1896.)

WILLS—DEVISE—LIMITATION OVER.
   Where a devise is made to one with a limitation over to another if the first person does not continue to live with testator during his life, the limitation over is operative notwithstanding the first person continues to live with testator, the devise to her being void because of her fraud in procuring it.

Appeal from circuit court.

Action by Jessie B. Ranken against William H. Janes.   From a judgment on a verdict directed for plaintiff, defendant appeals.   Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, and HATCH, JJ.

Louis O. Van Doren, for appellant.
Dailey, Bell & Crane, for respondent.

CULLEN, J.   The action is brought under the provision of the Code to determine claims to real estate.   The plaintiff and defend-

ant both claim from one Eckford Webb, through the third clause of his will, which is as follows:

"I give, devise, and bequeath to Miss Jessie Belknap Ranken, provided she remains with me up to the time of my decease, the house and lot known as 'No. Seventy-Eight (78) Rush Street,' in the Nineteenth ward of the city of Brooklyn, together with the sum of five thousand dollars, and all the pictures, piano, and household furniture remaining in said house at the time, of my death; to have and to hold the same to her, her heirs, executors, administrators, and assigns, forever. The foregoing devise and bequest are made by me to the said Jessie Belknap Ranken out of respect for her, and her services and kindness to me, and with the expectation that she will remain with me as long as I live. If, however, the said Jessie Belknap Ranken shall not remain with me up to the time of my decease, then the said devise and bequest to her shall be void and of no effect; and in that case I give, devise, and bequeath said house and lot in Rush street, and said sum of five thousand dollars, to my nephew William H. Janes (son of my sister Abigail H. Janes); to have and to hold the same to him, his heirs, executors, administrators, and assigns, forever."

The defendant, in his answer, alleged that the provision in said clause in favor of the plaintiff was procured by fraud, circumvention, and undue influence, and claimed title in himself under the gift over. The defendant is not an heir at law of the deceased, nor, so far as the record in this case shows, would he have any title to the property in dispute, except under the clause of the will quoted. When the defendant entered upon his case the court ruled that, if it were shown that the provision in favor of the plaintiff was void, the gift over to the defendant could not take effect, because it was conceded that the plaintiff remained with the deceased until the time of his death. This ruling rendered any proof on the part of the defendant unavailing, and hence he proceeded no further with his case. The correctness of the ruling presents the only question to be considered on this appeal.

We think that, under a proper construction of the will, in case the devise to the plaintiff failed for any reason, the substituted devise to the defendant took effect. This seems to be the rule laid down by a substantially unbroken line of authorities. 2 Jarm. Wills, 1642. The earliest reported case is that of Jones v. Westcomb, 1 Eq. Cas. Abr. 245. The testator, by his will, devised to his wife, for life, and, after her death, to the child with which she was then pregnant; and, if such child died before it came to the age of 21, then there was a devise over. The testator was mistaken as to the condition of his wife. She was not pregnant. In that case it was held that the gift over took effect on the death of the wife. The king's bench followed this decision. 2 Strange, 1092. In Statham v. Bell, Cowp. 40, the testator was in like error,—that his wife was with child,—and the devise over was to take effect on the death of such child. It was held that the devise over was operative, though, as matter of fact, the wife was not pregnant, and, of course, there was no such child. In Avelyn v. Ward, 1 Ves. Sr. 420, the testator devised his real estate to his brother, U., on the express condition that, within three months after his decease, U. should execute, and deliver to the testator's trustee, a general release of all demands which he might claim on the estate. But, if his brother should neglect to give such re-

lease, the said devise should be null and void, and in such case he devised the real estate to W.    The testator's brother died before the testator.    It was held that the land should not go to the heir at law, but to the devisee over.    In MacKinnon v. Sewell, 5 Sim. 78, affirmed 2 Mylne & K. 202, the gift was of a more complicated character, but the principle involved was the same as that in the preceding cases.    The chancellor, in discussing the doctrine of these cases, says:

"In other words, no real difference is made in the result, for the event contemplated has not happened, but something equivalent has taken place; that is, something which made it impossible that the result could be otherwise than that upon which the executory limitation was made to depend.  Almost all the cases are those of double contingencies, the second being of a negative nature, so that the first not happening amounts to the same thing as if both had happened."

But the clearest statement of the rule is to be found in a case where it was held the rule did not apply.    In Lenox v. Lenox, 10 Sim. 400, the vice chancellor writes:

"In a case where the meaning of the testator clearly is that the ultimate limitation should take effect on the failure of a preceding gift, and that gift does fail, but the language in which the limitation over is expressed does not, in terms, apply to the event which has happened, then, in my opinion, the limitation over should take effect."

We have found no case contravening this rule of construction.    In the two cases cited by the learned counsel for the respondent (Cruikshank v. Home for the Friendless, 113 N. Y. 337, 21 N. E. 64, and In re Crossman, 113 N. Y. 543, 21 N. E. 180), we find nothing applicable to the question now under review.    It follows that the ruling of the learned trial court was erroneous.    Judgment appealed from should be reversed, and a new trial ordered; costs to abide event.    All concur.